**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

| | |
|---|---|
| DUC VAN LE, | DOCKET NUMBER |
| Appellant, | AT-0752-23-0641-I-1 |
| v. | |
| DEPARTMENT OF VETERANS AFFAIRS, | DATE: May 26, 2026 |
| Agency. | |

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Duc Van Le, Dacula, Georgia, pro se.

Gina Ozelie, Esquire, Milwaukee, Wisconsin, for the agency.

## BEFORE

Henry J. Kerner, Vice Chairman
James J. Woodruff II, Member

## FINAL ORDER

The appellant has filed a petition for review of the initial decision, which sustained the appellant's removal for medical inability to perform the essential functions of his position. Generally, we grant petitions such as this one only in the following circumstances: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review. Except as expressly MODIFIED as to the basis for finding the appellant did not establish his denial of a reasonable accommodation claim, we AFFIRM the initial decision.

The appellant was a GS-13 Pharmacist at the Tomah Veterans Affairs (VA) Medical Center. Initial Appeal File (IAF), Tab 4 at 200. Due to various mental and physical health conditions, the appellant's had the following medical restrictions: (1) no interaction with his former supervisor, the Associate Chief of Pharmacy Ambulatory Care; (2) work "as tolerated;" (3) full-time telework; (4) unable to sit for long periods of time; (5) no repetitive gripping or right hand motion twisting; (6) only 8-hour shifts with 10-minute breaks as needed; (7) limited ability to use a computer keyboard/mouse daily; (8) unable to lift, push, carry more than two pounds; (9) need 10-minute breaks every 60 minutes; and (10) unable to perform Cardiopulmonary Resuscitation or Basic Life Support. *Id*. at 50-51. The agency conducted an extensive analysis of the appellant's duties and concluded that it could not accommodate the appellant's request for no interaction with his former supervisor, explaining that the Pharmacy department was small, management overlapped in duties, and to route communications through a third party could cause unnecessary delays and place patients at risk. *Id*. at 37-42. The agency also conducted an extensive vacant-funded position search and was unable to find a position for which the appellant was qualified and

that met his medical restrictions. *Id*. at 62-180. Accordingly, effective December 2, 2022, the agency removed the appellant for medical inability to perform the essential functions of his position. *Id*. at 11-14.

The appellant filed a Board appeal challenging his removal, and the administrative judge issued an initial decision sustaining his removal and denying his claims of denial of reasonable accommodation, national origin discrimination, and equal employment opportunity (EEO) retaliation. IAF, Tab 33, Initial Decision (ID). The appellant has filed a petition for review arguing, among other things, that he could have performed his position of record or a position he desired in another facility without any interaction with his former supervisor and with the assistance of a personal scribe.[2] Petition for Review (PFR) File, Tab 1 at 5-6, 8. Upon review of the appellant's arguments and the record below, we find the initial decision to be well-reasoned and supported by the record. Nevertheless, we take the opportunity to clarify the basis for finding that the appellant did not prove his denial of reasonable accommodation claim.

In the initial decision, the administrative judge "assum[ed] without deciding" that the appellant was a qualified individual with a disability but denied his reasonable accommodation claim because the appellant did not otherwise identify a suitable reasonable accommodation or vacant funded position. ID at 8-11. However, a claim of disability discrimination based on an

---

[2] The appellant also attaches documents to his petition for review and reply to the agency's response, some of which are already in the record. *Compare* Petition for Review (PFR) File, Tab 1 at 10, 14-16, 21-22, Tab 4 at 10-11, *with* Initial Appeal File (IAF), Tab 4 at 22, 26, 28, 48, 173, Tab 23 at 11, Tab 24 at 6-12. Regarding the documents not in the record below, the appellant has not explained why he was unable to provide these documents before the close of record below, or how these documents impact the outcome of this appeal. As we do not find these documents to be material to the issues in this appeal, we do not address them. *See Russo v. Veterans Administration*, 3 M.S.P.R. 345, 349 (1980) (explaining that the Board will not grant a petition for review based on new evidence absent a showing that it is of sufficient weight to warrant an outcome different from that of the initial decision).

individual's status as disabled and a claim based on an agency's failure to reasonably accommodate that disability require that the individual be "qualified." *Haas v. Department of Homeland Security*, 2022 MSPB 36, ¶ 28. A qualified individual with a disability is one who "can perform the essential functions of the . . . position that such individual holds or desires" with or without reasonable accommodation. 42 U.S.C. § 12111(8); *Haas*, 2022 MSPB 36, ¶ 28; 29 C.F.R. § 1630.2(m). Only an otherwise qualified individual with a disability is entitled to relief for a claim of status-based disability discrimination or denial of reasonable accommodation. *Haas*, 2022 MSPB 36, ¶ 29. For the following reasons, we find that the appellant did not prove his denial of reasonable accommodation claim because he did not prove that he is a qualified individual with a disability.

Regarding whether the appellant could perform the essential functions of his position with or without reasonable accommodation, we agree with the administrative judge's finding that, to perform the essential functions of his position, the appellant was required to interact, in some manner, with his former supervisor.[3] ID at 6-7. We also agree with the administrative judge that the appellant did not prove that his inability to interact with his former supervisor could be accommodated because, according to the appellant, he could not even

---

[3] We also agree with the administrative judge that, even if the appellant could perform the essential functions of his position without interacting with his supervisor, an agency is not required to alter supervisory methods to accommodate an employee. ID at 9; Equal Employment Opportunity Commission (EEOC), Notice No. 915.002 *Enforcement Guidance on Reasonable Accommodation and Undue Hardship under the American with Disabilities Act*, Question 33 (Oct. 17, 2002) (stating that "[a]n employer does not have to provide an employee with a new supervisor as a reasonable accommodation"); *see also, e.g.*, *Roberts v. Permanente Medical Group, Inc.*, 690 F. App'x 535, 536 (9th Cir. 2017) (holding that a request for a new supervisor "is per se unreasonable under [EEOC] guidelines"); *Gaul v. Lucent Technologies, Inc.*, 134 F.3d 576, 581 (3rd Cir. 1998) (holding that a request to be transferred away from a supervisor who was causing a plaintiff stress was unreasonable as a matter of law); *Weiler v. Household Finance Corporation*, 101 F.3d 519, 525-27 (7th Cir. 1996) (holding that failure to grant the plaintiff's request for reassignment to a different supervisor did not constitute a failure to grant a reasonable accommodation).

hear or read his former supervisor's name without exacerbating his medical conditions. ID at 9-10; IAF, Tab 4 at 31. Therefore, as found by the administrative judge, even if the agency had granted the appellant's requested accommodations, including his request for a personal scribe, such accommodations would not have been effective because it would not be possible for a third party to avoid referencing his former supervisor entirely. ID at 9-10. Accordingly, the appellant did not prove that he could perform the essential functions of his position with or without reasonable accommodation.

Regarding whether the appellant could perform a position he desired with or without reasonable accommodation, the appellant does not cite to a specific position he desired on review but requests a position in an anticoagulation clinic in another facility with the assistance of a personal scribe. PFR File, Tab 1 at 8. In the initial decision, the administrative judge analyzed a position in an anticoagulation clinic in a different facility and determined that the appellant could not have performed the duties, noting that the position was characterized as "high stress/burn out," with little control over workload, and required extensive typing and computer usage. ID at 10-11. Assuming that positions in anticoagulation clinics have similar characteristics, the appellant has not explained how he could perform in such a position with medical restrictions including work "as tolerated," 10-minute breaks every hour, only 8-hour shifts, and limited ability to sit for long periods of time or use a computer keyboard or mouse.[4] IAF, Tab 4 at 50-51, 173. In fact, even the appellant was unsure that he could perform in this position, stating that "all [he could] do is try." *Id*. at 174.

Accordingly, we find that the appellant did not prove that he could perform in a position he held or desired with or without reasonable accommodation. Therefore, we modify the initial decision to find that the appellant has not proven

---

[4] The agency provided the appellant with voice recognition software and an ergonomic mouse, but the appellant asserted that these accommodations were ineffective. IAF, Tab 23 at 12.

that he is a qualified individual with a disability and he is not entitled to relief for his denial of reasonable accommodation claim. *See Haas*, 2022 MSPB 36, ¶ 29 (stating that only an otherwise qualified individual with a disability is entitled to relief for a claim of status-based disability discrimination or denial of reasonable accommodation).

## NOTICE OF APPEAL RIGHTS[5]

The initial decision, as supplemented by this Final Order, constitutes the Boards final decision in this matter. 5 C.F.R. § 1201.113. You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) <u>Judicial review in general</u>**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S.

---

[5] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

Court of Appeals for the Federal Circuit, which must be <u>received</u> by the court within **60 calendar days** of <u>the date of issuance</u> of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

> U.S. Court of Appeals
> for the Federal Circuit
> 717 Madison Place, N.W.
> Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) <u>Judicial or EEOC review of cases involving a claim of discrimination</u>**.  This option applies to you <u>only</u> if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination.  If so, you may obtain judicial review of this decision—<u>including a disposition of your discrimination claims</u>—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** <u>after you receive</u> this decision.  5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017).  If you have a representative in this case,

and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** <u>after your representative</u> receives this decision.  If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security.  *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of <u>your discrimination claims only, excluding all other issues</u>.  5 U.S.C. § 7702(b)(1).  You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** <u>after you receive</u> this decision.  5 U.S.C. § 7702(b)(1).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** <u>after your representative receives</u> this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C.  20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**.  This option applies to you <u>only</u> if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D).  If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[6]  The court of appeals must <u>receive</u> your petition for review within **60 days** of the <u>date of issuance</u> of this decision. 5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

---

[6] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017. Pub. L. No. 115-195, 132 Stat. 1510.

     If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

     Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD:         _Gina K. Grippando_
                                 _____
                                 Gina K. Grippando
                                 Clerk of the Board

Washington, D.C.